McIlvaine, J.
The record before us shows the following-facts, viz: That the action in the court below was brought on the official bond of a justice of the peace; that all theobligors in the bond were made defendants and were-served with process; that the plaintiffs in the action were-persons who claimed to have been injured by the official neglect and misconduct of the justice, who was principal in the bond; that a several judgment was rendered against one of the sureties, the plaintiff in error, leaving the; action to be proceeded in against the other defendants, at the next term of the court, to which term the cause had. *546 been continued as to them, with leave to answer at a future day. I may also add, that the obligation of the bond is, in form, joint and several.
Did the court err in rendering the judgment against the plaintiff in error, under those circumstances?
In determining whether there is error in this record, two' questions, and we think only two, can arise:
1. Could the plaintiffs below have maintained a separate .action on this bond, against each of the obligors, had they elected to do so, or was their sole remedy on the-bond (by action in their own names) against them jointly?
2. If their only remedy on the bond, by action in their own names, was against the obligors jointly, then was the action one in which it was “ proper ” for the court, under the authority conferred upon it by section 371 of the code, to render a several judgment against one of the defendants, leaving the action to proceed against the others?
1. This bond was drawn in the usual form of a joint and several obligation; and it may be admitted that, under certain circumstances, either a joint or a several action might be maintained upon it. Hut the particular question before us is whether the plaintiffs below, in their own names, could have maintained a separate action against each of the obligors, had they elected to do so, or, in other words, must the bond as to them be regarded as a joint bond only.
Not being the obligees named in the bond, and not having succeeded in any manner to the title of the obligee, it appears to us that their only right to sue upon it at all, in their own names, was conferred by statute, and to the extent that the mode of exercising that right has been prescribed by the statute, it must be conformed to by them.
The statutory provisions relating to these matters are as follows:
Section 11 of the act of March 11, 1853 (S. & C. 764), provides, “ that whenever any person is elected to the office of justice of the peace and receives a commission from the governor, he shall forthwith take the necessary oath, . . . *547 rand shall, within ten days after the taking of said oath or affirmation, enter into bond, to be approved by the trustees of the township, payable to the State of Ohio, with at least two sufficient securities, . . . conditioned that the said justice shall well and truly pay over, according to law, all moneys which may come into his hands by virtue of his «aid commission; and also conditioned that he will well and truly do and perform every ministerial act that is enjoined upon him by law; on which bond suit may be brought, and the penalty thereof recovered by any person injured by the neglect or refusal of any such justice, in the same manner as on bonds given by sheriffs.”
It will be observed that the form of the bond is not prescribed by this act; yet it is quite clear that a joint bond was intended. The language is, “Shall enter into bond, with at least two sufficient securities,” plainly indicating a joint undertaking. It may be admitted that this requirement of the statute is complied with by executing a joint .and several bond, as well as a bond only joint.
But this admission does not determine the form of remedy by which persons injured by the misconduct of the principal may appropriate the security to their own use by .an action in their own names. To determine this question, we must look to the statute prescribing the manner in which suits upon bonds given by sheriff's must be prosecuted in the names of persons injured by his misconduct in office.
The statutory provision on this subject is found in section ¿66 of the code, and is as follows: “When an officer, executor, or administrator, within this state, by misconduct or neglect of duty, forfeits his bond or renders his sureties liable, any person injured thereby, or who is by law entitled to the benefit of the security, may bring an action thereon, in his own name, against the officer, executor, or administrator, and his sureties, to recover the amount to which he may be entitled by reason of the delinquency. The action may be instituted and proceeded in on a certified copy of *548 the bond, which shall be furnished by the person holding-the original thereof.”
The terms of this statute are, “may bring an action on the bond against the officer and his sureties.” This language describes a joint action, and nothing more. And it is reasonable to suppose that, if the legislature had intended to authorize several actions as well as a joint action, language would have been employed fairly susceptible of that-meaning.
This conclusion is strengthened in view of the language used in section 567 of the code: “A judgment in favor of a party, for one delinquency, does not preclude the same or another party from an action on the same 'security, for another delinquency.” Such language fairly indicates that several judgments for the same delinquency was a condition of things not present in the minds of the legislators at-the time it was adopted.
2. The action in the court below being against the joint obligors in the bond, all of whom were duly served with process, and that form of action-being the only one in. which the plaintiffs were authorized to sue in their own names, the next question is, did the court err in rendering a several judgment against one of the defendants, leaving the action to proceed against the others?
Before the passage of the code, the general rule was that,, in an action upon a joint contract, no recovery could be-had against any of the defendants unless a recovery was had against all. This rule had reference to’the form of the' action rather than the form of the contract upon which the-action was brought, for it made no difference, in this respect, whether the contract was joint and several or joint mérely. In actions sounding in tort, the rule was to render judgment against some and in favor of other defendants, whenever the issues of fact were found in favor of some and against others. In equity cases, relief was decreed against one or more of the defendants, as equity and good conscience required.
By the code, the distinction between actions at law and. *549 kuits in equity, was abolished, and new rules for the rendering of judgments were prescribed. Section 371 (S. & C. 1048) provides: “ Judgment may be given for or against one or more of several plaintiffs, and for or against one or more of several defendants; it may determine the ultimate rights of parties on either side as between themselves, aud it may grant to the defendant the affirmative relief to which he piay be entitled. In an action against several defendants, the court may, in its discretion, render judgment against one or more of them, leaving the action to proceed .against the others, whenever a several judgment may be .proper.”
By this section the rules which had governed in equity cases and in actions for tort, were substantially preserved as the rule which should afterward govern in “ civil actions” of like nature; but, as'was held by this court, in Lambkin v. Chisom, 10 Ohio St. 450, “ The common law rule, that where a joint contract is the subject of the action, the recovery must be against all or neither of the defendants, has been modified by section 371 of the code of civil procedure, so as to authorize judgment to be rendered for or against one or more of several defendants, when it turns out upon the trial that only one or more of several defendants in such joint action is liable, without subjecting the, plaintiff' to the necessity of bringing a new action .against such defendant or defendants.”
This brings us to the exact question in the case: Can a several judgment be rendered against one or more of the -defendants in such action, before it turns out on final trial that the other defendants are not liable? This question depends on the meaning of the last clause in section 371, as above quoted, to wit: “ In an action against several defendants, the court may, in its discretion, fender judgment .against one or more of them, leaving the action to proceed against the others whenever a several judgment may be 'proper.” That a several judgment would be proper, and may be rendered against .one or more defendants, leaving the action to proceed against others, in actions other than *550 those founded upon joint contracts, is clear enough ; and if is also clear, that the legislature intended to declare, that there are eases in which it would not be proper to render judgment against one or more defendants, leaving the action to proceed against others, and in such cases no discretion is given to the court.
There can be no doubt that the cases wherein it is improper to render a several judgment against one or more of the defendants, leaving the action to proceed against the others, are limited, as a general rule at least, to actions founded on joint contracts. The difficulty, however, is in determining whether these cases, wherein such judgment is forbidden, include actions on joint and several contracts,, on which the plaintiffs might have elected to prosecute several actions, or whether they are confined to actions on those joint contracts where the plaintiff had no election as to the joinder of defendants, his only remedy being by joint suit. We are inclined to think that the latter cases are the only ones'excepted from the discretion given to the court to render a several judgment against one or more of the defendants, leaving the action to proceed against the others. This construction of the section harmonizes more fully with the general system of practice introduced by the code, and especially with the provisions of sections 38 and 77 of the code. So that, the rule would seem to be, that the’ court, in its discretion, may render a judgment against one- or more of the defendants, leaving the action to proceed against others, whenever it appears that the plaintiff might have demanded a several judgment on the contract if he had elected to sue the defendants separately. On the other hand, in all cases, where the subject-matter of the action is such-that the plaintiff could not have prosecuted several actions,, his only remedy being to demand a joint judgment in a joint action, he can not have a several judgment against any of the defendants until the liability of each and all the defendants has been determined upon final trial of all the issues in the case. Upon such final trial, if all the defendants are found to be liable, then judgment should be rendered *551 against all; and if some only are found to be liable and others not, the judgment should be against those found to be liable, and in favor of those who are found to be not liable.

Judgment reversed and cause remanded, etc.